UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ROBERT STEVEN BAKER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 14-193-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | **MEMORANDUM OPINION** |
| IMMIGRATION SERVICES, et al., | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Robert Steven Baker is a citizen of Canada and a lawful permanent resident of the United States. Baker has applied for naturalization with the Defendant United States Citizenship and Immigration Services ("USCIS"); however, his application was denied based on his failure to submit documentation of criminal charges following an arrest in Lexington, Kentucky on February 19, 2013 for operating a motor vehicle while intoxicated, resisting arrest, and possession of a firearm by a convicted felon. After submitting several responses to requests for evidence to USCIS, Baker filed this action on May 16, 2014, seeking naturalization pursuant to 8 U.S.C. § 1421(c). [Record No. 1] The respondents have moved to dismiss Baker's Petition under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 7] Having reviewed the matter, the Court agrees that dismissal is appropriate because the matter is not ripe. Accordingly, the respondents' motion will be granted pursuant to Rule 12(b)(1).

## I. Relevant Facts[1]

Baker stands convicted of fraud charges in the United States District Court for the Southern District of Florida. On June 25, 2015, he filed an application for naturalization and was subsequently interviewed by an USCIS officer. Following this interview, the USCIS officer determined that additional information was needed and issued a first Request for Evidence. The officer requested that Baker supply a copy of the superseding indictment to which the petitioner had pled guilty. Thereafter, Barker provided a copy of the superseding indictment on September 17, 2012. [Record No. 7; Attached Kammerer Declaration, Attachment B]

On December 5, 2012, USCIS made a second Request for Evidence regarding information relating to the financial loss suffered by the victims of Barker's fraud conviction. Baker's attorney responded to this request by providing a copy of the criminal judgment and the "Proffer for Guilty Plea" entered in federal action in Florida. [*Id.*, at Attachments C, D]

While Baker's naturalization application was pending, he was arrested on February 19, 2013, in Lexington, Kentucky and charged with operating a motor vehicle while intoxicated, resisting arrest, and possession of a firearm by a convicted felon. Trial regarding those charges is currently scheduled to begin on October 21, 2014.

Based on the above-referenced arrest and pending state charges, on April 10, 2013, USCIS made a third Request for Evidence regarding the final arrest report and court disposition. Baker, through counsel, responded to this request on July 5, 2013, noting that the charges had

---

[1] Baker has not responded to the Respondents' Motion to Dismiss within the time provided by the Local Rules. Accordingly, the summary of facts are taken largely from the materials filed by the Respondents [Record No. 7] as uncontested.

resulted in the petitioner's indictment and that he planned to proceed to trial. [*Id.*, Attachment E] Thereafter, on August 5, 2013, USCIS submitted a fourth Request for Evidence seeking final court disposition of the state charges. Baker did not respond to this request. As a result, on September 12, 2013, USCIS issued its naturalization decision, denying Barker's request. [Record No. 4, Exhibit C] In relevant part, the decision stated that,

> On August 5, 2013, USCIS issued our fourth and final N-14, Request for Evidence, again asking you to submit the final court disposition regarding your February 2013 arrest. This documentation was due to USCIS no later than September 6, 2013. At this time, no response has been received. As such, after a careful review of the record and all the documents submitted by yourself through counsel, USCIS finds that without the final court disposition regarding your February 2013 arrest, you have failed to establish the good moral character required for naturalization.
>
> If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See 8 CFR 336.2(a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See INA 336.

Baker timely appealed this decision. However, that administrative appeal was denied on January 15, 2014. [Record No. 4, Exhibits D, E] On May 16, 2014, Baker filed the current Petition in this Court. [Record Nos, 1, 4]

**II.     Standard of Review**[2]

As outlined in the respondents' motion, when a party challenges the factual basis for subject matter jurisdiction, a petitioner's factual allegations are not presumed to be true. *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under such

---

[2]     Because the Respondents' motion will be granted on ripeness grounds, the Court need not address the alternative grounds for dismissal urged by the Respondents under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

circumstances, the Court must weigh any conflicting evidence to determine whether jurisdiction exists. The Court has broad discretion in considering affidavits and documents outside the petition without converting the Rule 12 motion into one seeking summary judgment. *Cooley v. United States*, 791 F.Supp. 1294, 1299 (E.D. Tenn. 1992). Further, the petitioner bears the burden of proving subject matter jurisdiction exists. *RMI Titanium*, 78 F.3d at 1134.

### III. The Petitioner's Claim Has Been Filed Prematurely; Therefore, Dismissal is Required.

The doctrine of ripeness bars judicial review if the Court determines that the petitioner has filed his claim prematurely. *Dealer Computer Services, Inc. v. Dub Herring Ford*, 547 F.3d 558, 561 (6th Cir. 2008). If a claim is not ripe, federal courts lack subject matter jurisdiction and the complaint should be dismissed. *River City Capital, L.P. v. Bd. of County Comm'rs*, 491 F.3d. 301, 309 (6th Cir. 2007) (citing *Bigelow v. Mich. Dep't of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992).

Under the facts presented, the record is not sufficiently developed to allow the Court to adjudicate the petition on the merits. If Baker is convicted of being a felon in possession of a firearm, he will be subject to felony-based statutory ineligibility for naturalization. *See* 8 U.S.C. §§ 1101(a)(43)(E), (f)(8); 8 C.F.R. § 316.10(b)(1)(ii). Likewise, Baker's prior criminal conviction may be relevant in determining whether he has the necessary good moral character for naturalization. 8 C.F.R. § 316.10(a)(2) ("The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not

reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.") While the respondents suggest that the Court consider staying this action until the conclusion of the petitioner's current criminal proceedings, such would not appear warranted. In the event the defendant is convicted of the pending charges, appellate review may delay the ultimate resolution for some time. And if the petitioner is acquitted of the current charges, he may nonetheless lack the requisite good moral character under the catch-all provision of the statute: 8 U.S.C. § 1101(f). *See also* 8 C.F.R. § 316.10(b)(3)(iii).

### IV.     Conclusion

Based, in part, on unresolved criminal proceedings, the petitioner cannot prove that he has the requisite good moral character to have his naturalization application approved. This Court is unable to make a fully-informed decision until all criminal matters are finally resolved and the petitioner supplies evidence relating to resolution of those matters. In the event Baker prevails, he is not precluded from filing a second petition under 8 U.S.C. § 1421(c). However, at this time, his request is not ripe for adjudication. Accordingly, it is hereby

**ORDERED** as follows:

1.      The respondents' motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction [Record No. 7] is **GRANTED**. Because dismissal of this action is based on a lack of subject matter jurisdiction, the dismissal shall be without prejudice. The respondent's alternative ground for dismissal under

Rule 12(b)(6) of the Federal Rules of Civil Procedure based on failure to state a claim upon which relief may be granted is **DENIED** as moot.

2. The Petition for Naturalization filed by Petitioner Robert Steven Baker [Record Nos. 1, 4] is **DISMISSED** and this action is **STRICKEN** from the Court's docket.

This 17th day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge